## (October 20, 1981)

■ In the Matter of NATALYE S. FLUGER, Respondent, v TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, New York County (Stadtmauer, J.), entered on or about April 15, 1980, unanimously affirmed, without costs and without disbursements, for the reasons stated by Stadtmauer, J., at Special Term. Concur — Murphy, P.J., Kupferman, Sullivan, Carro and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant. — Judgment, Supreme Court, New York County (Rothwax, J.), rendered on January 9, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Murphy, P.J., Kupferman, Sullivan, Carro and Lupiano, JJ.

■ JOSEPHINE RULLMAN et al., Appellants, v PAN AMERICAN WORLD AIRWAYS, INC., Respondent. — Order, Supreme Court, New York County (Greenfield, J.), entered December 22, 1980, granting defendant's motion for leave to amend its amended answer so as to assert the affirmative defense of Statute of Limitations and dismissing the complaint pursuant to CPLR 3211 (subd [a], par 5) on the ground it is time barred under the Warsaw Convention (49 US Stat 3014), unanimously modified to the extent of reversing so much of said order as dismissed the complaint and, as so modified, affirmed, without costs and without disbursements. While Special Term properly permitted defendant to amend its amended answer to assert the affirmative defense that the action was barred by the two-year Statute of Limitations contained in the Warsaw Convention, we view the gravamen of the complaint as not embraceable within article 19 of the convention (49 US Stat 3019). The record does not permit a reasoned determination as to whether the plaintiffs' causes of action are otherwise within the ambit of the Warsaw Convention and, as such, barred by the convention's two-year Statute of Limitations. Concur — Sullivan, J.P., Ross, Lupiano, Bloom and Fein, JJ.

■ JOHN T. BRADY & COMPANY, INC., Respondent, v CITY OF NEW YORK, Appellant. — Order, Supreme Court, New York County (Kassal, J.), entered on June 10, 1980, unanimously affirmed, without costs and without disbursements, for reasons stated by Kassal, J., at Trial Term. Concur — Kupferman, J.P., Sandler, Carro and Lupiano, JJ.

■ MERITUM CORPORATION, Respondent-Appellant, v EDWARD PICHLER et al., Appellants-Respondents, et al., Defendants. EDWARD A. PICHLER, Third-Party Plaintiff-Appellant, v CITY OF NEW YORK, Third-Party Defendant-Respondent. UNITED STATES FIDELITY AND GUARANTY COMPANY, Third-Party Plaintiff-Appellant, v EDWARD PICHLER et al., Third-Party Defendants-Respondents. — Orders, Supreme Court, New York County (Gammerman, J.), entered on November 18, 1980, October 27, 1980, and April 6, 1981, respectively, unanimously affirmed, without costs and without disbursements, for reasons stated by Gammerman, J., at Special Term. Concur — Kupferman, J.P., Sandler, Carro and Lupiano, JJ.